UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TERRANCE D. RICHARDSON,

    Petitioner,

v.          Case No. 3:07-cv-57-J-12HTS

WALTER A. MCNEIL,[1] et al.,

    Respondents.

## ORDER

### I. Status

 Petitioner Terrance D. Richardson, an inmate of the Florida penal system, is proceeding on a Second Amended Petition for Writ of Habeas Corpus (Doc. #19) (hereinafter Second Amended Petition) pursuant to 28 U.S.C. § 2254. He filed a Memorandum of Law (Doc. #21). Petitioner challenges a 2002 state court (Duval County, Florida) judgment of conviction for armed robbery with pepper spray and violation of probation on one ground: an involuntary plea.

 Respondents filed an Answer to Second Amended Petition for Writ of Habeas Corpus (Doc. #29) (hereinafter Response). Petitioner file a Reply to Respondents' Answer-Response (Doc. #30). See the Court's Order (Doc. #10).

---

[1] Walter A. McNeil, the Secretary of the Florida Department of Corrections, is substituted as the proper party Respondent for James R. McDonough, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

## II. Procedural History

Petitioner was charged by information with armed robbery. Petitioner's Exhibit at 3 (Doc. #1). A Notice of Intent to Classify Defendant as a Habitual Felony Offender was filed on April 2, 2001. Ex. B[2] at 215. On June 13, 2001, Petitioner signed a document entitled Plea of Guilty and Negotiated Sentence. Ex. A at 75-77. In pertinent part, the document states: "PG Armed Robbery[,] AG[,] CAP 15 years FSP as H.O.[,] credit for time served[,] cc = 273[,] atty lien[,] see addendum[.]" The Plea Agreement Addendum, id. at 77, states:

> Pled guilty to Armed Robbery to a cap of 15 years H.O. with the State to make a recommendation to the presiding Judge who will impose sentence. Said recommendation is not binding upon the court. Pass for sentencing to _____.
>
> In return Defendant agrees to testify truthfully, truthfulness to be determined by the sworn statement given on 12-7-2000, in any and all proceedings in State of Florida vs. Adrian Gore, 2000-2055 CF-A, including but not limited to conferences, hearings, depositions, trial, appeals or other post-conviction matters and/or re-trials. If Defendant fails to testify truthfully at any such time, or the State determines that Defendant has provided false statements and/or testimony at any time (including in the sworn statement) then the sworn statement previously given may be used against the Defendant and the State may have the Defendant's plea of guilty withdrawn and prosecute the Defendant for any original charge(s) and the State/Court is not bound by

---

[2] The Respondents' Exhibits (Doc. #26) will hereinafter be referred to as "Ex".

the agreed cap.  Defendant also understands
that he is waiving any statute of limitations
and/or State/Federal Constitutional speedy
trial rights he/she may have.

A plea colloquy was conducted on June 13, 2001.  Petitioner's counsel announced:

> Yes, sir, Your Honor.  Pursuant to negotiations with the State, Mr. Richardson has authorized me to enter a plea of guilty to the charge of armed robbery in case No. 01 dash 3427-CFA.  He's entering that plea with the understanding that the Court would adjudicate him to be guilty and sentence him -- and he would be pleading to a cap of 15 years Florida State Prison as an habitual offender.  He understands that he would be given credit for the time he's already served, there would be court costs in the amount of two hundred and 53 dollars and he understands that the Court would impose an attorney lien.  I'm sorry.  Two hundred and 73 dollars would be the court costs.
>
> Your Honor, also attached to the Plea of Guilty and Negotiated Sentence is a plea agreement addendum prepared by the Office of the State Attorney which has also been executed, basically, which also adds that one of the conditions of this plea is that Mr. Richardson would assist the State with testimony in the case that is referenced in the plea agreement addendum.  I'm now presenting the Plea of Guilty and Negotiated Sentence to the Court.
>
> . . . .
>
> We would also -- Mr. Richardson has also authorized me to enter an admission in his violation of probation case which is case No. 1999 dash 7998-CFB.  He understands that the Court would adjudicate him to be guilty of the violation of probation.  This is, I guess, a plea straight up to the Court with just the only agreement is that his sentence in the

>            violation of probation would run concurrent
>            with case No. 01-3427-CFA, and this case along
>            with the -- his other case would both be set
>            for sentencing.

Id. at 89-90. The prosecutor announced that the state agreed with that summation and that the victim also approved of the agreement. Id. at 90-91.

The trial court inquired of Petitioner whether he understood what he was pleading to: a plea of guilty to armed robbery. Id. at 92. Petitioner responded affirmatively. Id. The court stated that the offense was a first degree felony punishable by life, with the guidelines in his case being 42.75 months to life. Id. at 93. Petitioner was informed that the guidelines would not apply if he met the criteria to be a habitual felony offender. Id. He was further advised that if he were classified as a habitual felony offender, he would face life. Id. at 93-94.

The court explained the rights Petitioner was giving up by entering his plea. Id. at 97-98. Petitioner responded affirmatively. Id. The court also explained the cap of fifteen years as a habitual felony offender. Id. at 99. The court further explained that it did not have to accept the state's recommendation. Id. at 100. The court went over the addendum with Petitioner. Id. at 104-105.

The court then inquired at to whether anyone had threatened, coerced or intimidated Petitioner. Id. at 108. The court inquired about promises or hopes of reward. Id. at 108-109. The court

asked whether Petitioner had been over the plea agreement with his attorney. Id. at 109-110. The court asked whether Petitioner was under the influence or had any physical or mental defects that would prevent him from understanding the plea. Id. at 111. The court asked how far Petitioner went in school, whether he could read and write the English language and whether there was anything Petitioner did not understand. Id. at 115. After receiving responses from Petitioner, the court then asked the state to proffer the factual basis for the plea. Id. The prosecutor responded:

> Your Honor, in case No. 2001-3427-CFA, the State would show that on February 6th, 2001, the defendant, Terrence Richardson, in Duval County, State of Florida, did unlawfully by force, violence, assault or by putting in fear, take money or property, specifically jewelry, the property of the Gold Connection as owner or custodian from the person or custody of Zeev, Z-E-E-V, Dragon, with the intent to permanently or temporarily deprive Mr. Dragon of the money or other property, and in the course of committing this robbery carried a weapon, specifically pepper spray, and this was done contrary to the provisions of Section 812.13 subsection 2B Florida Statutes.

Id. at 118.

The factual basis was given for the probation violation as well. Id. at 119. The court found a factual basis for both cases and found that Petitioner had freely and voluntarily entered his plea. Id. at 120. The sentencing hearing was passed. Id. at 121.

While the sentencing hearing was pending, on November 16, 2001, a hearing was conducted for the court to consider a proposed plan that Petitioner be released from jail to act in an undercover capacity for the Duval County Sheriff's Office, enabling Petitioner to provide substantial assistance for consideration for mitigation of his pending sentence. Id. at 175-98.

The court explained:

> And that the Sheriff's Office has gone to the State Attorney's Office and you've come to me with the consent of the defense and at the request of the defense to ask the Court to ROR Mr. Richardson so he can act in an undercover capacity for the Sheriff's Office, and that while doing so, this is in hopes that he will be able to help the Sheriff's Office make certain cases against a -- I believe the target is a member of the Jacksonville Sheriff's Office?

Id. at 181.

The court continued:

> And that -- and that in return for that, the Court would consider whatever substantial assistance he has shown to have given as mitigation in his sentence. Is that correct from the State and the defense?

Id. at 181-82. The prosecutor and defense counsel responded affirmatively. Id. at 182.

The court, in accepting this plan, added an additional stipulation that once released, if Petitioner did not abide by the plan (failed to cooperate, ran, failed to show up, failed to call),

6

the guilty plea would stand, but the court would not be bound by the plea agreement. Id. at 183-84. In addition, the court warned:

> If you run, if you fail to cooperate or if you pick up another crime, if you get arrested on another crime while you're out, in other words, if you think while you're working for the Sheriff's Office that somehow gives you the right to go commit another crime, do you understand that that's wrong?

Id. at 185. Petitioner responded in the affirmative. Id. The court then said:

> **If you do anything like that, then I'm not bound by this plea agreement, but your plea agreement will stand -- your plea of guilty will stand -- excuse me -- your plea of guilty will stand, but your exposure now will jump up to 30 years. Do you understand that?**

Id. (emphasis added). Petitioner said he understood. Id.

The court explained:

> Instead of me being capped at 15 years, your exposure will go to the actual maximum if you're found to be an habitual felony offender. Do you understand that?

Id. Petitioner stated he understood. Id.

The court continued: "Which is 30 years. Do you understand that?" Id. at 185-86. Petitioner responded once again that he understood. The court reiterated: "But if you undertake this operation, if you agree to this, then I want to make sure that you understand your exposure. If you fail to do all the things that I've outlined, it jumps up to 30 years Florida State Prison. Do

7

you understand that?" Id. at 186. Petitioner responded: "Yes, sir." Id. Petitioner agreed to the plan and it was approved. Id. at 183-97.

On April 11, 2002, a hearing was conducted after Petitioner's arrest on a new felony charge. Ex. C at 139-54. Petitioner was served with an affidavit warrant concerning the violation of probation. Id. at 146-47. The court considered Petitioner's exposure to be up to thirty years if classified as a habitual felony offender. Id. at 150. Sentencing was passed to a later date. Id. at 153.

A sentencing hearing was held on October 18, 2002. Ex. D. At the hearing, defense counsel agreed that there was probable cause for Petitioner's arrest and that the court was no longer bound by the fifteen-year cap. Id. at 7. Petitioner conceded that the court was not bound by the fifteen-year cap. Id. at 8. He also agreed that his exposure was up to thirty years as a habitual felony offender. Id. at 8. Imposition of sentence was passed to a later date. Id. at 59.

Petitioner was sentenced on November 6, 2002, to fifteen years in prison as a habitual felony offender. Ex. A at 78-83, 127-74. The state deferred to the court's judgment in sentencing, without making a recommendation, explaining:

> [I]nitially we would have asked for one-third off the 15 year sentence and ten years for the cooperation that he's provided, and having blown that agreement by getting the new arrest

> and now looking at 30 years, the State is no longer in a position to recommend that the Court give one-third off . . . .

Id. at 164.

Petitioner filed a Rule 3.850 motion in the circuit court. Ex. A at 1-13. An Addendum to Defendant's Rule 3.850 Motion was filed on November 12, 2003. Id. at 14-21. An Amended Motion for Postconviction Relief was filed on November 17, 2003. Id. at 22-57. The trial court denied the postconviction motion. Ex. C.

On June 30, 2006, the First District Court of Appeal affirmed per curiam. Ex. E; Richardson v. State, 933 So.2d 527 (Fla. 1st DCA 2006). The mandate issued on July 26, 2006. Ex. F. See Response at 4-6 for additional procedural history.

### III. Evidentiary Hearing

The pertinent facts of the case are fully developed in the record before the Court. Smith v. Singletary, 170 F.3d 1051, 1054 (11th Cir. 1999). No evidentiary proceedings are required in this Court. See High v. Head, 209 F.3d 1257, 1263 (11th Cir. 2000) (citing McCleskey v. Zant, 499 U.S. 467, 494 (1991)), cert. denied, 532 U.S. 909 (2001). The Court can "adequately assess [Petitioner's] claim[s] without further factual development." Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003), cert. denied, 541 U.S. 1034 (2004).

## **IV. Standard of Review**

The Court will analyze Petitioner's claims under 28 U.S.C. § 2254(d). This standard of review was recently described by the Eleventh Circuit:

> Under AEDPA's "highly deferential" standard of review, Parker v. Sec'y for Dep't of Corr., 331 F.3d 764, 768 (11th Cir. 2003), a federal court may not grant habeas relief with respect to any claim adjudicated on the merits in state court unless the state court's adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The statutory phrase "clearly established Federal law" "refers to the holdings, as opposed to the dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision." Williams v. Taylor; 529 U.S. 362, 412, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

Williams v. Allen, 542 F.3d 1326, 1336 (11th Cir. 2008), cert. denied, 129 S.Ct. 2383 (2009).

Under 28 U.S.C. § 2254(d)(2), this Court must determine whether the state court's adjudication resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. Furthermore, AEDPA "also directs that a presumption of correctness be afforded factual findings of state courts, which may be rebutted only by clear and convincing evidence. See id. at § 2254(e)(1). This

presumption of correctness applies equally to factual determinations made by state trial and appellate courts." Bui v. Haley, 321 F.3d 1304, 1312 (11th Cir. 2003) (footnote omitted) (citing Sumner v. Mata, 449 U.S. 539, 547 (1981)).

Finally, for a state court's resolution of a claim to be an adjudication on the merits, so that the state court's determination will be entitled to deference for purposes of federal habeas corpus review under AEDPA, all that is required is a rejection of the claim on the merits, not an opinion that explains the state court's rationale for such a ruling. Wright v. Sec'y for the Dep't of Corr., 278 F.3d 1245, 1255 (11th Cir. 2002), cert. denied, 538 U.S. 906 (2003). See Peoples v. Campbell, 377 F.3d 1208, 1227 (11th Cir. 2004), cert. denied, 545 U.S. 1142 (2005). Thus, to the extent that Petitioner's claims were adjudicated on the merits in the state courts, they must be evaluated under § 2254(d).

## **V. Timeliness of the Petition**

Respondents concede that the Petition is timely. Response at 6-7.

## **VI. Exhaustion and Procedural Default**

This Court has previously ruled that Petitioner adequately raised an involuntary plea claim in the state court proceedings. See the Court's Order (Doc. #28).

## VII. Ground One

In ground one, Petitioner asserts that his conviction was obtained by an involuntary plea, denying Petitioner due process of law. Petitioner claims his plea was involuntary because it was induced by unkept promises/agreement made by the state and the Sheriff's Department. Second Amended Petition at 6A.

When this ground was raised in the Rule 3.850 motion, the trial court held:

> In ground two, the Defendant alleges that his conviction is unlawful because his plea was involuntary and unintelligently entered because he was made promises and coerced by his attorney and other law enforcement personnel. As stated above, the Defendant stated that no one, including Mr. Selinger, had threatened, coerced, intimidate[d] or promised him anything to induce him into entering the plea. (Exhibit "D," page 23.) A defendant may not seek to go behind his sworn testimony at a plea hearing in a post conviction motion. Stano v. State, 520 So.2d 782 (Fla. 1988); Dean v. State, 580 So.2d 808 (Fla. 3d DCA 1991); Bir v. State, 493 So.2d 55 (Fla. 1st DCA 1986). Therefore, the Defendant's claim is without merit.

Ex. C at 6.

Additionally, in denying ground three, the trial court stated:

> In the conclusion of the Defendant's original motion and ground three of the Defendant's Addendum to Defendant's Rule 3.850 Motion, he states that the trial court committed reversible error when Judge Day vindictively imposed the maximum sentence allowed, fifteen years, and points to statements made by Judge Day at sentencing. As the Defendant received only fifteen (15) years and not thirty (30), the Defendant was

12

>     not sentenced to the maximum time allowed.
>     (Exhibits "A," "G," pages 12-13.)
>     Accordingly, this claim is without merit.

<u>Id</u>. at 7. The trial court's decision was affirmed on appeal.

The decisions of the trial court and the First District Court of Appeal are entitled to deference under AEDPA. The adjudication of the state trial and appellate courts resulted in decisions that involved a reasonable application of clearly established federal law, as determined by the United States Supreme Court. Therefore, Petitioner is not entitled to relief on ground one because the state courts' decisions were not contrary to clearly established federal law, did not involve an unreasonable application of clearly established federal law, and were not based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.

Alternatively, this claim has no merit. A federal habeas court reviews a state court guilty plea only for compliance with constitutional protections.

> This court has concluded that "[a] reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review." <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141 (11th Cir.) (en banc), <u>cert</u>. <u>denied</u>, ___ U.S. ___, 112 S.Ct. 116, 116 L.Ed. 2d 85 (1991).

Jones v. White, 992 F.2d 1548, 1556-57 (11th Cir.), cert. denied, 510 U.S. 967 (1993).

Thus, in order for a guilty plea to be constitutionally valid, it must be made knowingly, intelligently, and voluntarily. Pardue v. Burton, 26 F.3d 1093, 1096 (11th Cir. 1994).

> A guilty plea is an admission of criminal conduct as well as the waiver of the right to trial. Brady v. United States, 397 U.S. 742, 748, 90 S.Ct. 1463, 1469, 25 L.Ed.2d 747 (1970). "Waivers of constitutional rights not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." Id.; United States v. Fairchild, 803 F.2d 1121, 1123 (11th Cir. 1986) (per curiam).
>
> Reviewing federal courts "may set aside a state court guilty plea only for failure to satisfy due process." Stano v. Dugger, 921 F.2d 1125, 1141 (11th Cir.) (en banc), cert. denied, 502 U.S. 835, 112 S.Ct. 116, 116 L.Ed.2d 85 (1991). "[W]hen it develops that the defendant was not fairly apprised of its consequences" or when "the defendant pleads guilty on a false premise" in the prosecution's plea agreement, a guilty plea violates the Due Process Clause. Mabry v. Johnson, 467 U.S. 504, 509, 104 S.Ct. 2543, 2547, 81 L.Ed.2d 437 (1984). The Court has instructed that the "essence" of any promises that induce a guilty plea "must in some way be made known" to the defendant. Santobello v. New York, 404 U.S. 257, 261-62, 92 S.Ct. 495, 498, 30 L.Ed.2d 427 (1971).
>
> For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and consequences of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those

> charges, and the <u>legal</u> <u>options</u> <u>and</u> <u>alternative</u> <u>that</u> <u>are</u> <u>available</u>.'" <u>Stano</u>, 921 F.2d at 1142 (citation omitted) (emphasis added). Voluntariness implicates "[i]gnorance, incomprehension," and "inducements" as well as "coercion, terror" and "threats." <u>Boykin v. Alabama</u>, 395 U.S. 238, 242-43, 89 S.Ct. 1709, 1712, 23 L.Ed.2d 274 (1969); <u>Stano</u>, 921 F.2d at 1141. Thus, "[i]gnorance of the consequences of a guilty plea may require its rejection." <u>Stano</u>, 921 F.2d at 1141 (citing <u>Boykin</u>, 395 U.S. at 243-44, 89 S.Ct. at 1712).

<u>Finch v. Vaughn</u>, 67 F.3d 909, 914-15 (11th Cir. 1995).

Petitioner was advised of the maximum penalty, as required by Supreme Court precedent. <u>Boykin v. Alabama</u>, 395 U.S. 238 (1969). In fact, "[c]ourts consider a petitioner to be 'fully aware of his plea consequences' if he understands the length of time he might possibly receive." <u>Resendez v. United States</u>, No. 1:06-CV-191, 2006 WL 2092589, at *3 (E.D. Tex. July 25, 2006) (not reported in F.Supp.2d) (quoting <u>Spinelli v. Collins</u>, 992 F.2d 559, 561 (5th Cir. 1993)). Here, Petitioner was fully aware that, if he was arrested for a new offense, he was facing a maximum possible penalty of thirty years as a habitual felony offender under the modified terms of agreement.

This Court will inquire as to whether Petitioner entered into an involuntary plea. The record shows that Petitioner was charged with armed robbery and the state filed a notice of intent to seek a habitual felony offender classification. Petitioner signed the document entitled Plea of Guilty and Negotiated Sentence and the Plea Agreement Addendum. The trial court conducted a thorough plea

15

colloquy. The plea colloquy shows that Petitioner understood the nature of his plea. The state presented the factual basis for the plea. Petitioner assured the trial judge that he wanted to accept the plea. The court accepted the plea. Sentencing was passed so that Petitioner could provide assistance in another case.

The plea agreement was modified on November 16, 2001, when Petitioner agreed to be released from jail to do undercover work. In exchange, Petitioner hoped to provide assistance to the Sheriff's Office so that the court would consider whatever substantial assistance he could provide in further mitigation of his sentence. The trial court thoroughly and completely explained to Petitioner the modification of the agreement. Petitioner was told that if he was arrested for another crime, his guilty plea would stand, but that the agreement would be violated and he would be exposed to thirty years imprisonment if he qualified as a habitual felony offender. This warning was repeated several times. Petitioner agreed to the terms of the modified agreement. Unfortunately for Petitioner, he was arrested for a new felony charge. Thus, he faced the thirty-year habitual felony offender sentence. The trial court, however, sentenced Petitioner to only fifteen years as a habitual felony offender. The plea does not constitute an involuntary plea. Petitioner was well aware of the consequences of his actions taken in violation of the modified agreement. This claim has no merit.

## VIII. Conclusion

Any other claims not specifically addressed are found to be without merit. Accordingly, for all of the above-stated reasons, the Second Amended Petition will be denied and this case will be dismissed with prejudice.

Therefore, it is now

**ORDERED AND ADJUDGED:**

1. The Second Amended Petition (Doc. #19) is **DENIED**, and this case is **DISMISSED WITH PREJUDICE.**

2. The Clerk of the Court shall enter judgment denying the Second Amended Petition (Doc. #19) and dismissing this case with prejudice.

3. The Clerk of the Court shall close this case.

**DONE AND ORDERED** at Jacksonville, Florida, this   29th   day of July, 2009.

/s/ Howell W. Melton
HOWELL W. MELTON
United States District Judge

sa 7/16
c:
Terrance D. Richardson
Ass't Attorney General (Pate)